MUNNS v. DE WEMOURS. See Cases Nos. 9,926 and 9,931.

MUNRO (PAGE v.). See Case No. 10,665.

## Case No. 9,927.

MUNRO v. ROBERTSON.

[2 Cranch, C. C. 262.] [1]

Circuit Court, District of Columbia. Oct. Term, 1821.

DEED—VALUABLE CONSIDERATION—EVIDENCE.

If a deed purports to be made "for a valuable consideration," it is competent, for a person claiming under it, to give evidence of a money consideration.

This was an attachment, under the Maryland act of 1795, c. 56, levied upon the lands of an absent debtor [Samuel Robertson]. Part of the lands had been conveyed by the debtor, to certain trustees, to secure certain creditors, by a deed of bargain and sale, the consideration of which was stated in the deed to be "for value received," and in consideration of certain trusts in another deed mentioned to be performed by the trustees, &c. The deed referred to was not a legal conveyance, because not recorded in time, but it was upon a money consideration.

Key & Dunlop, for plaintiffs [Munro's executors], contended that the deed, being a bargain and sale, was void, because not stated to be in consideration of money paid, and cited 2 Bl. Comm. 296, 338, and Gittings' Lessee v. Hall, 1 Har. & J. 14.

Mr. Lear, for creditors secured by the deed, contended that it was competent for him to prove a money consideration. Cheney's Lessee v. Watkins, 1 Har. & J. 530.

THE COURT (MORSELL, Circuit Judge, absent) refused to render judgment of condemnation, and said that, the consideration being stated in the deed to be "value received," a money consideration may be averred and proved: especially as the second deed refers to the first, in which a money consideration is stated.

[Subsequently the attachment was quashed. Case No. 9,928.]

1 [Reported by Hon. William Cranch, Chief Judge.]